**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 29, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHRISTIAN D. MOLINA-
SOLORZANO,

    Petitioner - Appellant,

v.

JIMMY MARTIN, Warden,

    Respondent - Appellee.

No. 20-6061
(D.C. No. 5:20-CV-00001-J)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

Before **PHILLIPS**, **MURPHY,** and **McHUGH**, Circuit Judges.

Petitioner, Christian Molina-Solorzano, seeks a certificate of appealability ("COA") from this court so he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). Because Molina-Solorzano has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal. *Id*. § 2253(c)(2).

After a bench trial, Molina-Solorzano was convicted of aggravated trafficking in illegal drugs, in violation of Okla. Stat. tit. 63, § 2-415(C). Molina-Solorzano filed a direct appeal with the Oklahoma Court of Criminal Appeals ("OCCA"), arguing, *inter alia*, that his trial counsel was ineffective for failing to challenge the lawfulness of the traffic stop and for failing to inform him of his right under the Vienna Convention on Consular Relations ("VCCR") to communicate with the Mexican Consulate. The OCCA affirmed Molina-Solorzano's conviction and sentence, analyzing Molina-Solorzano's ineffective assistance of counsel claims under the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984), and concluding he failed to demonstrate counsel's alleged deficient performance prejudiced him. *See Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001) (holding that an ineffective assistance of counsel claim can be resolved on either the performance or prejudice component of *Strickland*).

Molina-Solorzano filed the instant § 2254 habeas application on January 2, 2020, raising the two ineffective assistance claims he previously raised in his direct appeal. Applying the standard set forth in the Antiterrorism and Effective Death Penalty Act, the district court concluded the OCCA's adjudication of Molina-Solorzano's claims was not contrary to, nor an unreasonable application

of, clearly established federal law. 28 U.S.C. § 2254(d). Accordingly, the district court denied Molina-Solorzano's habeas petition.

This court cannot grant Molina-Solorzano a COA unless he can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether Molina-Solorzano has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Molina-Solorzano is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Molina-Solorzano's application for a COA and appellate brief, the district court's Order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes that Molina-Solorzano is not entitled to a COA. The district court's resolution of Molina-Solorzano's claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings. Accordingly, Molina-

Solorzano has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA.  28 U.S.C. § 2253(c)(2).

This court **denies** Molina-Solorzano's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge